IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL R. GRAHAM, )<br>　　　　　Petitioner, )<br>)<br>　　　v. )<br>)<br>MICHAEL CLARK, et al., )<br>　　　　　Respondents. ) | Civil Action No. 18-1411 |

## MEMORANDUM AND ORDER

Presently before this Court is petitioner's motion for the appointment of counsel (ECF No. 6). This matter is before the Court for a determination of whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent petitioner in the prosecution of this action.

The petitioner, Paul R. Graham, an inmate at the State Correctional Institution at Albion, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 against respondents, Michael Clark, the District Attorney of Washington County, Pennsylvania and the Attorney General of the State of Pennsylvania. In his petition, petitioner alleges that: he was not ably represented by counsel, who failed to pursue evidence that petitioner was actually innocent of the crime and was at work at the time of the incidents; no reasonable jury would have convicted him in light of the evidence that effectively contradicted every aspect and allegation brought by the Commonwealth and counsel had no defense strategy; the PCRA court erroneously denied him relief when presented with manifest errors committed by both the trial court and PCRA counsel; and he is actually innocent of the crimes and his Fifth, Sixth and Fourteenth Amendment rights were violated in the proceedings. (ECF No. 1-11.)

In considering a motion for the appointment of counsel, this Court must determine

whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) gives the Court broad discretion to determine whether appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the petitioner's claims have arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron, supra at 155. If the court determines that the claims have some merit, the court should then consider the following factors:

1. the petitioner's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the petitioner to pursue such investigation;

4. the amount a case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the petitioner can attain and afford counsel on his own behalf.

Parham v. Johnson, supra. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of petitioner's allegations, it would appear that the appointment of counsel is not warranted and, therefore, the Court will not exercise discretion to appoint counsel at this time.

Initially, it does not appear with any degree of certainty that petitioner is setting forth a factual basis which demonstrates that he will ultimately prevail on the merits. Nevertheless, in considering factors one and two -- the litigant's ability to present his case and the difficulty of the legal issues involved -- it is clear that the issues presented in the petition are neither difficult nor complex, and nothing in the record indicates that petitioner is incapable of presenting his case. Similarly, the third consideration -- the degree to which factual investigation will be necessary and petitioner's ability to conduct such investigation -- does not weigh in favor of the appointment of counsel since petitioner's case will be decided based on the documents of record, namely the petition, the answer and the state court pleadings.

Further, while it may be that the credibility of the witnesses will be at issue in the case if an evidentiary hearing is held, it does not appear that the case will become a "swearing contest" nor does it appear that proper adjudication will require the testimony of an expert witness. No other factors weigh in favor of the appointment of counsel at this time.

The Court does not conclude that petitioner would not benefit from appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of the Court's discretion. Thus, until such time as a showing is made that the interests of justice require our exercise of discretion, the motion will be denied. See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981).

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL R. GRAHAM,  )
        Petitioner, )
 )
    v. ) Civil Action No. 18-1411
 )
MICHAEL CLARK, et al., )
        Respondents. )

## O R D E R

AND NOW, this 12th day of February, 2019,

IT IS ORDERED THAT petitioner's request for the appointment of counsel is hereby denied, without prejudice.

        s/Robert C. Mitchell_____
        ROBERT C. MITCHELL
        United States Magistrate Judge

cc:    Paul R. Graham
        LL-7560
        SCI Albion
        10745 Route 18
        Albion, PA 16475